IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x

EMILEE BERENSTEIN

                         Plaintiff,                                      CIVIL ACTION NO

vs.                                                                       COMPLAINT

ARISTOKATZ, LLC and GERALDINE KATZ,
in her individual and professional capacities,            JURY TRIAL DEMANDED

                        Defendants.                                 JUNE 13, 2023

------------------------------------------------------------x

The Plaintiff EMILEE BERENSTEIN, by and through her attorneys, BERLINGIERI LAW, PLLC, as and for her Complaint in this action against the Defendants ARISTOKATZ, LLC, and GERALDINE KATZ, in her individual and professional capacities, in her individual and professional capacities, respectfully alleges upon information and belief as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by federal and state law, asserts the following counts against Defendants: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) Unpaid Overtime under the Connecticut General Statutes, CGS 31-76c; and (iii) any other claims(s) that can be inferred from the facts set forth herein.

2. Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

3. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

4. This Court has jurisdiction as this case involves a federal question under the FLSA, 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. This Court has supplemental jurisdiction under the State laws of Connecticut. This Court has supplemental jurisdiction over Plaintiff's related claims arising under CGS and any and all state law pursuant to 28 U.S.C. §1367 (a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of her employment, and Defendant was and is located in this District.

## THE PARTIES

7. Plaintiff Emilee Berenstein ("Plaintiff") was and is a resident of the State of Connecticut at all relevant times herein.

8. Defendant Aristokatz, LLC, ("AritsoKatz") is Connecticut limited liability company, with a business address of 530 Kings Highway Cutoff, Fairfield, CT 06824, and operates a veterinary clinic for felines.

9. Upon information and belief, Defendant Geraldine Katz ("Dr. Katz") was and is a resident of the State of Connecticut and was and is the owner operator of Aristokatz and is a licensed veterinary in the State of Connecticut. At all relevant times herein, Defendant Dr. Katz was and is the owner of Defendant AristoKatz.

10. In that capacity, Defendant Dr. Katz personally managed and oversaw the day- to-day operations of AristoKatz and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Dr. Katz had the power to hire and fire and approve all personnel decisions with respect to Defendant AristoKatz's employees, and Defendant Dr. Katz did in fact hire Plaintiff on or about February 8, 2012, Plaintiff worked until her termination on January 1, 2023, in total Plaintiff had ten years and ten months of total service for the company total, and also directly supervised Plaintiff's work throughout the relevant period.

11. At all relevant times herein, both Defendants were "employers" within the meaning of the FLSA and the CGS.

12. Additionally, Defendant AristoKatz's qualifying annual business exceeded and exceeds $500,000, and Defendant AristoKatz was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and operates a business that purchases and sells numerous products, such veterinary care products, medical supplies, medication, personal protective equipment, which originate in states other than Connecticut, accepts payments in cash that naturally moves across state lines, and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendant AristoKatz to the FLSA's overtime requirements as an enterprise.

## BACKGROUND FACTS

13. Defendants own and operate a veterinary clinic for cats in Fairfield, Connecticut, known as Aristokatz.

14. Dr. Katz owns and operates Aristokatz.

15. In 2012, Dr. Katz hired Plaintiff.

16. Plaintiff was Dr. Katz's right hand person and crucial to the success and growth of AristoKatz over the decade that Plaintiff worked for Defendants.

17. Plaintiff most recently held the position of Client Care Coordinator.

18. Defendant Dr. Katz, as AristoKatz's owner, personally hires, fires, and supervises many, if not all, of AristoKatz's employees. Also in that role, Defendant Dr. Katz sets AristoKatz's employees' hours and rates of pay, and also pays all employees.

19. Defendant Dr. Katz supervised Plaintiff's day-to-day duties all relevant time periods.

20. Prior to 2022, Defendants regularly required Plaintiff to work, and Plaintiff did work, five days per week, Monday to Friday, from 8:00AM until between 4:00PM and 6:00PM or later

without a scheduled or uninterrupted break on each day. Thus, Plaintiff typically worked between forty-five and fifty per week.

21. During 2022, and Plaintiff did work, five days per week, Monday to Friday, from 8:00AM until between 5:00PM and 7:00PM without a scheduled or uninterrupted break on each day. Thus, Plaintiff typically worked between hours per week. Defendants required Plaintiff to work Saturdays every other week from 8:00AM -12:00PM.

22. For example, Plaintiff's schedule in the relevant period most recently Plaintiff worked Monday to Wednesday 8:00AM to 5:00PM with no lunch and usually worked until at least 6:00PM often, and Thursdays 9:00AM to 6:30PM usually working until 7:00-7:30PM and no lunch. Plaintiff worked Fridays 9:00AM to12:00PM, then and Defendants required Plaintiff to work Saturdays every other week from 8:00AM -12:00PM.

23. Defendants required Plaintiff to work past her schedule shift end time that regularly exceed one to two (1-2 )hours after her shift end time.

24. Defendants paid Plaintiff a flat weekly salary of $1,166.66.

25. The weekly salary that Defendants paid Plaintiff was solely meant to compensate Plaintiff for her first forty hours of work per week, and at no point did Defendants pay Plaintiff at any rate for the hours that she worked in a week over forty.

26. Defendants paid Plaintiff on a weekly basis.

27. Defendants required Plaintiff to punch in and out of her shifts a time clock in the computer system.

28. Defendants purposefully misclassified Plaintiff as an exempt employee.

29. Plaintiff's job duties were to coordinate patient appointment and care and make calls and communicate with patients in the waiting room among other care coordinating duties.

30. On each occasion when they paid Plaintiff, Defendants did not provide Plaintiff with a

wage statement that accurately reflected, *inter alia*, the amount of hours that Plaintiff worked per week, her regular rate of pay, or her overtime rate of pay for each hour that she worked in a week in excess of forty.

31. Each hour that Plaintiff worked was for Defendants' benefit.

32. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

## FIRST COUNT AGAINST DEFENDANTS
### Unpaid Overtime Under the FLSA

33. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

35. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

36. As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

37. Defendants intentionally misclassified Plaintiff as an overtime exempt employee.

38. Defendants willfully violated the FLSA.

39. Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her regular rate of pay.

40. Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND COUNT AGAINST DEFENDANTS
### *Unpaid Overtime under the CGS 31-76c*

41. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. CGS § 31-76c requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

43. As described above, the Defendant is an employer within the meaning of the CGS, while Plaintiff is an employee within the meaning of the CGS.

44. As also described above, Plaintiff worked in excess of forty hours per week, yet the Defendant failed to compensate Plaintiff in accordance with the CGS's overtime provisions CGS 31-68.

45. The Defendant' actions were in willful violation of the CGS.

46. Plaintiff is entitled to her overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times her regular rate of pay.

47. Plaintiff is also entitled penalty damages, attorneys' fees, and costs for the Defendant' violation of CGS 31-68.

## DEMAND FOR A JURY TRIAL

48. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in

willful violation of the aforementioned federal; and state laws;

  B. Awarding Plaintiff compensatory damages;

  C. Awarding Plaintiff liquidated damages:

  D. Awarding Plaintiff punitive damages;

  E. Awarding Plaintiff costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

  F. Pre-judgment and post-judgment interest, as provided by law; and

  G. Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: New York, New York
   June 13, 2023

               Respectfully submitted,

          By: *Christopher J. Berlingieri*
             CHRISTOPHER J. BERLINGIERI, ESQ.
             (ct 30335)
             BERLINGIERI LAW, PLLC
             *Attorney for Plaintiff*
             244 Fifth Avenue, Suite F276
             New York, New York 10001
             Tel.: (347) 766-5185
             Fax: (914) 730-1044
             Email: cjb@nyctlaw.com