**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **EMILEE BERENSTEIN,** | : |
| | : |
| **Plaintiff,** | : CIVIL ACTION |
| | : NO. 3:23-CV-00763-oaw |
| v. | : |
| | : |
| **ARISTOKATZ, LLC AND GERALDINE KATZ, IN HER INDIVIDUAL AND PROFESSIONAL CAPACITIES,** | : |
| | : May 29, 2024 |
| | : |
| **Defendants.** | : |

## SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASES OF CLAIMS

WHEREAS, Defendants Aristokatz, LLC ("Aristokatz"), Geraldine Katz ("Katz") (collectively, "Defendants") and Plaintiff, Emilee Bernstein (spelled incorrectly here as "Berenstein") ("Plaintiff"), (Plaintiff and Defendants together, the "Parties"), agree to the material terms of this Settlement Agreement and Release ("Agreement") in an effort to resolve all wage and hour claims Plaintiffs have or might have against Defendant, including claims under the Fair Labor Standards Act ("FLSA"), Connecticut General Statutes, 31-76c ("State Law Claim"), and any other related claims in the above-captioned action (the "Action");

WHEREAS, the Parties understand and agree that Defendants deny each and every allegation of wrongdoing set forth by Plaintiff in the Action;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of guilt or non-compliance with any federal, state, or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

WHEREAS, Plaintiff desires, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Defendants;

WHEREAS, Defendants desire, with full advice of counsel, to freely and voluntarily enter into this Agreement in exchange for the promises contained herein which pertain to Plaintiff;

1

15265834

WHEREAS, the terms, conditions, and implications of this Agreement, including the Release incorporated herein, have been explained to Plaintiff and Defendants by their respective attorneys;

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND AMONG THE PARTIES AS FOLLOWS:

1. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

2. **Consideration**. In consideration for Plaintiff signing this Agreement and complying with its terms, Defendants agree to pay to Plaintiff the total sum of Twelve-Thousand Dollars and Zero Cents ($12,000.00) (the "Settlement Sum"), to be allocated as follows:

   a. Within 14 calendar days after the later of (i) notification from the Court that the Action is dismissed with prejudice following the execution and filing of the Stipulation and Order of Final Dismissal with Prejudice (annexed hereto as Exhibit A), and (ii) delivery to Defendants' counsel of Plaintiff's counsel's completed IRS Form W-9:

      i. the amount of $3,000.00, less applicable taxes and withholdings, payable by check to Plaintiff. Such amount shall be attributable to Plaintiff's alleged claims for unpaid wages (overtime and otherwise) and wage statement violations, and Aristokatz will report this amount on Plaintiff's IRS Form W-2;and

      ii. the amount of $3,000.00, by check payable to Plaintiff. Such amount shall be attributable to Plaintiff's alleged claim for liquidated and other damages, and Aristokatz will report this amount on Plaintiff's IRS Form 1099.

   b. Within 30 calendar days following the payments described in subsection a., above:

      i. the amount of $1,000.00, less applicable taxes and withholdings, payable by check to Plaintiff. Such amount shall be attributable to Plaintiff's alleged claims for unpaid wages (overtime and otherwise) and wage statement violations, and Aristokatz will report this amount on Plaintiff's IRS Form W-2;

      ii. the amount of $1,000.00, by check payable to Plaintiff. Such amount shall be attributable to Plaintiff's alleged claim for

2

>> liquidated and other damages, and Aristokatz will report this amount on Plaintiff's IRS Form 1099; and

> c. Within 60 calendar days following the payments described in subsection a., above:

>> i. the amount of $2,000.00, by check payable to "Berlingieri Law, PLLC." Such amount shall be attributable to attorneys' fees and costs incurred in connection with Plaintiffs' claims, and Aristokatz will report this amount on each of Plaintiff's and Berlingieri Law PLLC's IRS Forms 1099.

> d. Within 90 calendar days following the payments described in subsection a., above:

>> i. the amount of $2,000.00, by check payable to "Berlingieri Law, PLLC." Such amount shall be attributable to attorneys' fees and costs incurred in connection with Plaintiffs' claims, and Aristokatz will report this amount on each of Plaintiff's and Berlingieri Law PLLC's IRS Forms 1099.

Defendants make no representations concerning the tax consequences of payment of the Settlement Sum to Plaintiff on the basis set forth hereunder, and Plaintiff agrees to pay any federal, state or local taxes that are or may become due with respect to the Settlement Sum and/or in connection with any claim that either has released pursuant to this Agreement (other than those sums withheld by Aristokatz for taxes). Plaintiff further agrees to indemnify and hold Defendants harmless from any liability Plaintiff may incur should any federal, state or local taxing authority determine that additional income taxes, FICA contributions or other taxes should have been withheld from the Settlement Sum.

If Defendants are late on making any payments constituting the Settlement Sum, Plaintiff's counsel shall notify Defendants' counsel of such in writing, and Defendants shall have 10 days within which to make the applicable installment payment ("10-day Grace Period"). Should Defendants fail to make such payments within the 10-day Grace Period, all outstanding amounts constituting the Settlement Sum shall become automatically and immediately due and payable.

3. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the Settlement Sum specified in paragraph "2" above, except for Plaintiffs' execution of this Agreement and the fulfillment of the promises contained herein.

4. **Mutual General Releases of Claims .** The Parties and the Parties' heirs, executors, administrators, representatives, and assigns (collectively the "Releasors") forever waive, release and discharge each other, their respective parents, subsidiaries

15265834

and other affiliates and each of their respective present and former employees, officers, directors, owners, shareholders, agents, heirs, executors, administrators, representatives, assigns, and attorneys (collectively the "Releasees") from any and all claims, demands, causes of actions, fees, damages, liabilities and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown, that Releasors have ever had against the Releasees by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter up to and including the date of Plaintiff's execution of this Agreement, including, but not limited to claims (a) relating to Plaintiff's compensation and payment of wages from Defendants through the effective date of this Agreement, including but not limited to, the nonpayment or inaccurate payment of wages, in violation of FLSA and Connecticut Law (collectively, the "Wage Claims") that Plaintiff has or may have against Releasees as of the date of Plaintiffs' execution of this Agreement, whether known or unknown, asserted or unasserted, including attorneys' fees, costs, penalties, liquidated damages, interest, and other damages in connection with any asserted or unasserted Wage Claims; (b) any claims arising under tort, contract and/or quasi-contract law, including but not limited to claims of breach of an expressed or implied contract, tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness or any other harm, wrongful or retaliatory discharge, fraud, defamation, slander, libel, false imprisonment, negligent or intentional infliction of emotional distress; and (c) any and all claims for monetary or equitable relief, including but not limited to attorneys' fees, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements.

5. **Acknowledgments and Affirmations.**

   a. Plaintiff represents that, other than the Action, she has no charges, complaints or lawsuits, judicial, quasi-judicial or administrative hearing or other proceeding of any kind pending against either of Defendants, and Plaintiffs covenant and agree that she will not file any lawsuits hereafter with respect to the Claims released pursuant to this Agreement, to the fullest extent permitted by law. Nothing in this Agreement shall be construed to prohibit Plaintiffs from filing a charge with or participating in any investigation or proceeding conducted by the EEOC or any other governmental agency. Notwithstanding the foregoing, Plaintiffs agree to waive the right to recover monetary damages in any charge, complaint, or lawsuit filed by either or by anyone else on their behalf based on Claims released in this Agreement.

   b. Except as otherwise provided in this paragraph, Plaintiff will not voluntarily participate in any judicial proceeding of any nature or description against any of the Releasees that in any way involves the allegations and facts that she could have raised against any Releasee as of the effective date of this Agreement. Provided, however, that nothing in this Agreement shall

4

    prohibit Plaintiffs from cooperating with the EEOC or any other governmental agency.

   c. Plaintiff specifically represents, warrants and confirms that she will not actively contact the media or otherwise directly or indirectly cause to be published any information about the existence or terms of this Agreement and the underlying claims, including but not limited to the Wage Claims, on any form of media, which includes, among other things, social media (including but not limited to Facebook, TikTok and Instagram). If contacted about this Agreement or the circumstances leading to it, Plaintiff shall respond "no comment" or limit her response to words to the following effect: "The matter has been resolved."

  6. **Entire Agreement; Interpretation.** This Agreement sets forth the entire agreement between the Parties with respect to Plaintiff's Claims against Defendants, and fully supersedes any prior agreements or understandings between the Parties with respect to Plaintiff's Claims. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with his decision to accept this Agreement, except for those set forth in this Agreement. The parties acknowledge that the headings provided in this Agreement are solely for the convenience of the reader and shall not be construed as affecting the interpretation of the terms of this Agreement. The language of all parts of this Agreement shall be construed as a whole, according to its plain and ordinary meaning. This Agreement shall not be construed against any party on the basis of authorship.

  7. **Counterparts.** This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.

  8. **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing or electronically signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other Party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile or email.

  The Parties knowingly and voluntarily sign this Agreement and Release as of the date(s) set forth below:

[*signature page to follow*]

15265834

|  |  |
|---|---|
| *Emilee Bernstein* | **ARISTOKATZ, LLC** |
| _____ | By: _____ |
| **EMILEE BERNSTEIN** | Geraldine Katz |
| Date: 05/29/2024 | Date: 6/13/24 |
|  | _____ |
|  | **GERALDINE KATZ** |
|  | Date: 6/13/24 |

6

15265834